AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| **DONOVAN DUARTE,** | ) | Case Number: 02:10-CR-531-ECR-GWF |
| | ) | USM Number: 45482-048 |
| | ) | Jonathan Sussman |
| | ) | Defendant's Attorney |

FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 2 3 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**THE DEFENDANT:**

X  pleaded guilty to counts  1, 2 & 4 of Indictment filed October 26, 2010

☐  pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐  was found guilty on count(s) _____
    After a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:922(g)(1) & | Felon in Possession of a Firearm | Aug, 2010 | 1 |
| 924 | Felon in Possession of a Firearm | Oct, 2010 | 2 & 4 |

The defendant is sentenced as provided in pages 2 through **6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X  Count  3  is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Title
18:92
**Each separate page is signed and dated by the presiding Judicial Officer

November 17, 2011
Date of Imposition of Judgment

*Edward C. Reed*
Signature of Judge

EDWARD C. REED, JR., SENIOR USDJ
Name and Title of Judicial Officer

November 23, 2011
Date

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment - Page 2

DEFENDANT: DUARTE, DONOVAN
CASE NUMBER: 02:10-ECR-531-ECR

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: EIGHTY-FIVE (85) MONTHS, each, as to Counts 1, 2 and 4; each term of imprisonment is to run concurrently with the other.

X  The court makes the following recommendations to the Bureau of Prisons: THAT defendant be permitted to serve the federal sentence in a State Penal Institution; THAT, if defendant is confined in a federal institution, that he be permitted to enter the RDAP program, if eligible for that program; THAT defendant be assigned, in descending preference, to FCI Sheridan, Oregon, FCI Phoenix, California, FCI Terminal Island, California, or at FCI Taft, California.

X  The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at _____ ☐ a.m. ☐ p.m. on _____.

　　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐ before 2 p.m. on _____.

　　☐ as notified by the United States Marshal.

　　☐ as notified by the Probation or Pretrial Services Office.

Dated this 23 day of November, 2011

_Edward C. Reed_

EDWARD C. REED, JR., SENIOR USDJ

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____

_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNTIED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: DUARTE, DONOVAN
CASE NUMBER: 02:10-CR-531-ECR

Judgment-Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: THREE (3) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

### SEE ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION ON PAGE 4

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Dated this 23 day of November, 2011

*Edward C. Reed*
EDWARD C. REED, JR., SENIOR USDJ

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C - Supervised Release

Judgment - Page __4__

DEFENDANT: DUARTE, DONOVAN
CASE NUMBER: 02:10-CR-531-ECR

## SPECIAL CONDITIONS OF SUPERVISION

1. <u>Possession of Weapons</u> - Defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. <u>Warrantless Search</u> - To ensure compliance with all conditions of release, the defendant shall submit to the search of his person, and any property, residence, or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant, at a reasonable time, and in a reasonable manner. Provided, however, defendant shall be required to submit to any such search only if the probation officer has reasonable suspicion to believe defendant has violated a condition or conditions of release.

3. <u>Substance Abuse Treatment</u> - Defendant shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or out-patient counseling, as approved and directed by the probation officer. Defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based on defendant's ability to pay.

4. <u>Mental Health Treatment</u> - Defendant shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or out-patient counseling, as approved and directed by the probation officer. Defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based on defendant's ability to pay.

5. <u>Report to Probation Officer After Release from Custody</u> - Defendant shall report in person to the probation office in the District to which the defendant is released within seventy-two (72) hours of release from custody.

Dated this __23__ day of November, 2011.

_Edward C. Reed_
EDWARD C. REED, JR., SENIOR USDJ

AO 245B  (Rev. 09/11) Judgment in a Criminal Case

Sheet 5 - Criminal Monetary Penalties
                                                                  Judgment - Page __5__

DEFENDANT: DUARTE, DONOVAN
CASE NUMBER: 02:10-CR-531

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 300.00   | $    | $           |

Due and payable immediately.

On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court, is remitted.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No.:<br>333 Las Vegas Boulevard, South<br>Las Vegas, Nv 89101 | | | |
| TOTALS | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐    the interest requirement is waived for the ☐ fine ☐ restitution.
    ☐    the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Dated this __23__ day of November, 2011

                                                                  _Edward C. Reed_
                                                           EDWARD C. REED, JR., SENIOR USDJ

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6- Schedule of Payments

Judgment - Page __6__

DEFENDANT: DUARTE, DONOVAN
CASE NUMBER: 02:10-CR-531-ECR

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    X    Lump sum payment of $ 300.00 due immediately, balance due
          ☐    Not later than _____, or
          ☐    in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States:
       (SEE ATTACHED ORDER)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Dated this 23 day of November, 2011

_Edward C. Reed_
EDWARD C. REED, JR., SENIOR USDJ



FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 17 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )   2:10-CR-531-ECR (GWF) |
| DONOVAN DUARTE, | )<br>) |
| Defendant. | ) |

### FINAL ORDER OF FORFEITURE

On July 8, 2011, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18 United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), based upon the plea of guilty by defendant DONOVAN DUARTE to criminal offenses, forfeiting specific property alleged in the Criminal Indictment and agreed to in the Plea Memorandum and shown by the United States to have the requisite nexus to the offenses to which defendant DONOVAN DUARTE pled guilty. Docket #1, #27, #29, #30.

This Court finds the United States of America published the notice of the forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from July 21, 2011, through August 19, 2011, notifying all third parties of their right to petition the Court. #31.

. . .

On September 1, 2011, Rolando Hernandez was served by personal, in-hand, service with a copy of the Notice and the Preliminary Order of Forfeiture as to Defendant DONOVAN DUARTE, #32.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the assets named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18 United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c) and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to law:

a) one (1) Colt 1911 .45 ACP handgun, bearing serial number 70SC34259;

b) one (1) AMT .380 semi-automatic pistol, bearing serial number G16372;

c) one (1) Remington model 870TB 12 gauge shotgun, bearing serial number 106694V; and

d) any and all ammunition.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this __17__ day of __November__, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE